IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

| ANTHONY L. LIVINGSTON, | HONORABLE RENÉE MARIE BUMB |
|---|---|
| Petitioner, | |
| v. | Civil Action<br>No. 16-3591 (RMB) |
| UNITED STATES OF AMERICA, | |
| Respondent. | **OPINION** |

APPEARANCES:

JOHN B. BRENNAN, ESQ.
LAW OFFICES OF JOHN B. BRENNAN
10000 Lincoln Drive East, Suite 201
Marlton, New Jersey 08053
Attorney for Petitioner

DIANA V. CARRIG, ESQ.
GLENN J. MORAMARCO, ESQ.
UNITED STATES ATTORNEY'S OFFICE
401 Market Street, 4th Floor
Camden, New Jersey 08101
Attorneys for Respondent

**Bumb, District Judge:**

**I.   INTRODUCTION**

Anthony L. Livingston ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (Petition [Docket Item 1]; United States v. Livingston, No. 01-cr-0465-1 (D.N.J. February 1, 2002).) Respondent United States of America ("Respondent") opposes the motion. [Docket Item 7.] Petitioner filed a traverse in response to Respondent's brief. [Docket Item 9.] For the reasons stated herein, the Court will

dismiss the motion as time-barred, and no certificate of appealability will issue.

**II. BACKGROUND**

On July 13, 2001, Petitioner appeared before the late Honorable Jerome B. Simandle, D.N.J., with counsel and pled guilty to a criminal information containing eight counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (Information [Docket Item 19] and Plea Agreement [Docket Item 23] in Crim. No. 01-0465-1), concerning a series of robberies which took place in late 2000 and early 2001.

The parties next appeared before Judge Simandle for sentencing on February 1, 2002. At that time, the Court granted a two-level upward departure, raising Petitioner's total offense level to level 31, and imposed a sentence of 220 months on each of the eight counts, to be served concurrently. United States v. Livingston, No. 01-cr-0465-1 (D.N.J. February 1, 2002). Petitioner appealed his sentence, in particular the two-level upward departure, to the Court of Appeals for the Third Circuit. United States v. Livingston, No. 02-1454 (3d Cir. filed February 8, 2002). The Court of Appeals affirmed the sentence imposed by Judge Simandle on April 28, 2003. 63 F. App'x 617 (3d Cir. 2003).

Petitioner filed three separate motions to correct, vacate, or set aside his sentence on February 7, 2002 (Civ. No. 02-605), on August 8, 2003 (Civ. No. 03-3746), and on September 9, 2003

2

(Civ. No. 03-4226), which were all consolidated under the earliest filed case: Civ. No. 02-605. Petitioner was further advised of his Miller rights on September 26, 2003. (Order [Docket Item 4] in Civ. No. 02-605.) The Court denied Petitioner's three consolidated petitions on February 26, 2004. (Order and Opinion [Docket Items 7 and 8] in Civ. No. 02-605.) Petitioner then sought reconsideration of that decision, which Judge Simandle denied on March 30, 2004. (Order [Docket Item 10] in Civ. No. 02-605.)

On August 9, 2004, the Third Circuit denied Petitioner's request to file a new petition under § 2255. (Order [Docket Item 12] in Civ. No. 02-605.) Nevertheless, Petitioner filed a fourth petition under § 2255 on September 16, 2004. (Motion [Docket Item 40] in Crim. No. 01-465; see also Order [Docket Item 13] in Civ. No. 02-605.) Judge Simandle dismissed this fourth petition on April 26, 2005, due to Petitioner's failure to receive permission to file such from the Third Circuit. (Order [Docket Item 13] in Civ. No. 02-605.)

Petitioner filed the instant motion to correct, vacate, or set aside his sentence on June 20, 2016. [Docket Item 1.] Respondent answered on January 16, 2018. [Docket Item 7.] Petitioner filed a traverse on March 9, 2018. [Docket Item 9.]

### III. ANALYSIS

In his motion, Petitioner argues his sentence violates the Constitution because the Supreme Court's ruling in Johnson v.

3

United States, 135 S. Ct. 2551 (2015), found the residual clause in the Armed Career Criminal Act ("ACCA") to be constitutionally void for vagueness. [Docket Item 1.] Petitioner further argues that his sentence was impacted by his designation as a "career offender" under the mandatory Sentencing Guidelines, which contained a clause identical to that found unconstitutional in Johnson. [Id.]

Respondent argues the motion should be denied because the motion is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because, alternatively, the motion is premature as the Supreme Court has not extended its reasoning in Johnson to any other context, because Petitioner was not granted leave by the Third Circuit to file a second or successive petition under § 2255 with regard to claims that he was improperly sentenced as a career offender under the enumerated offenses, but only with regards to a Johnson claim, and because the motion is procedurally defaulted. [Docket Item 7.] Respondent's brief further argues that Petitioner's present motion only highlights harmless error and that Petitioner has not established that Johnson's reasoning applies in a mandatory Sentencing Guidelines case. [Id.]

A district court is required to conduct an evidentiary hearing "where a petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record . . . ." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (internal

quotation marks omitted). The Court finds that an evidentiary hearing is not warranted as the record conclusively shows Petitioner is not entitled to relief.

## A. Statute of Limitations

AEDPA imposes a one-year statute of limitations for filing motions pursuant to § 2255. Under § 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Respondent argues the motion is untimely. The Court agrees, and the motion must therefore be dismissed.

"[A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date

on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (internal quotation marks omitted); see also Greene v. Palakovich, 606 F.3d 85, 91 (3d Cir. 2010), aff'd sub nom Greene v. Fisher, 132 S. Ct. 38 (2011). In this case, Petitioner did not file a petition for certiorari, and his time to do so expired on July 28, 2003, 90 days after the Third Circuit denied his appeal on April 28, 2003. Petitioner had until July 28, 2004, to file a timely § 2255 motion. Petitioner did not file the present motion until June 20, 2016, nearly twelve years late. As a result, his motion is untimely and must be dismissed.[1]

Petitioner argues that, because of Johnson, his instant federal bank robbery charge and his December 6, 1990 conviction for burglary no longer qualify as "crimes of violence," rendering the career offender provision inapplicable. ([Docket Item 1], 2, 10-21.) Petitioner's judgment of conviction became final in 2003, but the present § 2255 motion was filed within one year of Johnson, (see [Docket Item 1], filed June 20, 2016); Johnson, 135 S. Ct. at 2551 (decided June 26, 2015)), so he relies on § 2255(f)(3) in

---

[1] AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Petitioner filed a traverse objecting to Respondent's timeliness argument, [Docket Item 9], however neither the motion nor the traverse sets forth any facts that would entitle Petitioner to equitable tolling. Therefore, the Court finds that no basis for equitable tolling exists.

6

this motion. ([Docket Item 1], 2.) Determining that Petitioner's motion should be denied as time-barred requires an analysis of Johnson and subsequent cases.

In Johnson, the Supreme Court ruled that the residual clause of the ACCA was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. The next year, the Supreme Court determined that Johnson was retroactively applicable on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264 (2016). The residual clause of the ACCA is identical to the residual clause of the career offender provision of the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 890 (2017). Nevertheless, the Supreme Court in Beckles held that Johnson did not create a new right as to the residual clause of the Sentencing Guidelines in their advisory form (i.e., post-United States v. Booker, 543 U.S. 220 (2005)). Beckles, 137 S. Ct. at 890. Beckles did not address Johnson's effect on a void-for-vagueness challenge to the Sentencing Guidelines in their mandatory (pre-Booker) form. See id. at 903 n.4 (Sotomayor, J., concurring).

The Third Circuit addressed that issue in United States v. Green, 898 F.3d 315 (2018). In that case, the petitioner made the same argument as Petitioner here as to the timeliness of his § 2255 motion. See Green, 898 F.3d at 317-18. The Court noted that, "in light of Beckles, Johnson's holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader

7

right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines." United States v. Green, 898 F.3d 315, 321 (3d Cir. 2018). Because Beckles "says nothing about a . . . right to not be sentenced under Sentencing Guidelines, whether advisory or mandatory," the Green Court held that "Johnson did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines." Id. Since Beckles specifically left that question open, the Supreme Court "certainly has not 'recognized' the right to bring a successful vagueness challenge to the mandatory Guidelines' residual clause." Id. Therefore, the petitioner's motion in Green was untimely. Id.

Here, Petitioner makes the same argument as the petitioner in Green. Since that argument has now been squarely addressed and rejected by the Third Circuit in Green, Petitioner "cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." Green, 898 F.3d at 321. Therefore, Petitioner's motion is dismissed as time-barred.[2]

**B. Certificate of Appealability**

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the

---

[2] As the Court finds that Petitioner's present motion is time-barred, the Court need not and shall not address the remainder of the arguments asserted by either Petitioner or Respondent.

8

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000) (emphasis added). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is dismissed as untimely under 28 U.S.C. § 2255(f). No certificate of appealability shall issue. An accompanying Order will be entered.


**October 16, 2019**　　　　　　　　　　**s/ Renée Marie Bumb**
Date　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　　**United States District Judge**